IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARCO GUZMAN-CASTILLO,<br>Petitioner,<br>v.<br>UNITED STATES OF AMERICA; *et al*.,<br>Respondents. | No. 2:26-CV-03248-SAB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 4, and Petitioner's Motion for Extension of Time, ECF No. 13. Petitioner is representing himself in the matter. Respondents are represented by Jennifer Wong.

Petitioner is a native and citizen of Mexico who entered the United States without inspection most recently in 2000. Petitioner indicates that he has been detained since June 16, 2025. While his Petition lacks detail, he requests the Court order his immediate release, challenging the constitutionality of his continued detention.

On October 23, 2025, Petitioner's application for relief was denied by an Immigration Judge (IJ), and he was granted voluntary departure to Mexico. Petitioner timely appealed the IJ's decision, and the appeal remains pending. Respondents oppose the Petition, asserting that Petitioner's continued detention is warranted as he has received bond hearings in which the IJ found Petitioner to be a

danger to the community and/or a flight risk. In the alternative, Respondents assert the Petition should be denied as Petitioner has failed to exhaust his administrative remedies.

As a preliminary matter, exhaustion of administrative remedies is not a jurisdictional prerequisite for habeas petitions. *Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001). However, some courts require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before pursuing habeas relief. *Id*. Exceptions to this exhaustion requirement include "situations… where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 n.4 (9th Cir. 1981). The exhaustion requirement is also waived when a petitioner challenges issues other than the BIA's ruling on removability. *Laing v. Ashcroft*, 370 F.3d 994, 1001 (9th Cir. 2004). Here, Petitioner is challenging the constitutionality of his continued detention, which is an issue BIA is incapable of resolving. Accordingly, Petitioner is not required to exhaust his administrative remedies before seeking habeas relief from this Court.

Respondents acknowledge that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). When determining whether a petitioner held under § 1226(a) has received appropriate due process, courts in this District apply the three-factor *Mathews* test. *See e.g., Rana v. Bondi*, No. 2:26-CV-00244-TL, 2026 WL 472800, at *3 (W.D. Wash. Feb. 19, 2026). Those three factors are (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional or substitute procedural safeguards," and (3) the Government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976).

A finding in favor of an immigration petitioner under *Mathews* requires

immediate release in order to restore the status quo. *See e.g., Rana*, 2026 WL 472800, at *4–5; *Kirykovich v. Hernandez*, 2:26-CV-00695, 2026 WL 890459, at *4 (W.D. Wash. Apr. 1, 2026) ("Because the constitutional violation is the absence of pre-deprivation process, the proper remedy is to restore the status quo ante—that is, to return [the petitioner] to the conditions that existed before his unlawful detention."). The status quo is "the last uncontested status which preceded the pending controversy." *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963) (citation omitted).

The *Mathews* factors weigh in favor of Petitioner. First, Petitioner has a protected liberty interest in remaining free from prolonged, seemingly indefinite custody. Second, the risk of deprivation of liberty is high: it does not appear that Respondents conducted a hearing at the outset of Petitioner's detention to determine an individualized risk of flight or danger. Post-deprivation procedures, such as a bond hearing conducted after Petitioner was already detained for several months, cannot cure constitutional violations that occurred at the outset of detention. *E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. Aug. 19, 2025) ("[A] post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."). Third, Respondents' interest in re-detaining Petitioner without a hearing is minimal: while holding a hearing would have cost time and money, those costs are outweighed by Petitioner's liberty interests.

As Petitioner's re-detention was the impetus for the pending controversy, the Court finds it appropriate to order his immediate release. *Tanner*, 316 F.2d at 809. Furthermore, having a bond hearing at this stage would not cure the underlying constitutional violation and immediate release is the only way to return the status quo.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Motion for Extension of Time, ECF No. 13, is **DENIED**

**as moot**.

2. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 4, is **GRANTED**.

3. **Within one (1) day of the date of this Order, Respondents shall release Petitioner from immigration detention.** Within two (2) days of the date of this Order, Respondents shall file a certification that Petitioner has been released.

4. Respondents shall not re-detain Petitioner without providing pre-detention notice and affording Petitioner a hearing unless detention becomes statutorily mandated.

5. At any re-detention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 19th day of November 2026.

Stanley A. Bastian
United States District Judge